**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1371

RENE RAFAEL MELENDEZ-DIAZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: October 31, 2023                          Decided: November 2, 2023

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:** Nash Fayad, FAYAD LAW, P.C., Richmond, Virginia, for Petitioner. Brian Boynton, Principal Deputy Assistant Attorney General, Brianne W. Cohen, Senior Litigation Counsel, Andrea N. Gevas, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rene Rafael Melendez-Diaz, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's oral decision denying Melendez-Diaz's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition for review.

With regard to the claims for asylum and withholding of removal, we have considered the parties' arguments in conjunction with the administrative record and the relevant authorities, including our recent holding in *Morales v. Garland*, 51 F.4th 553, 556-58 (4th Cir. 2022) (affirming agency's ruling that petitioner's advanced particular social group of "Salvadorean women who are witnesses to gang criminal activity and targeted because they filed a police report" failed on both the particularity and social distinction requirements for a cognizable "particular social group").  Having reviewed the issue de novo, *see Morales*, 51 F.4th at 557, we discern no error in the agency's holding that the particular social group advanced by Melendez-Diaz—"Salvadoran witnesses who report serious gang crimes to law enforcement"—was not legally cognizable.  Specifically, we agree that Melendez-Diaz's attempts to limit the broader group of "witnesses to crime" failed to "sharpen the boundary lines" for group inclusion so as to render it sufficiently particular. *Id*.

As to the agency's denial of Melendez-Diaz's application for relief under the CAT, we have reviewed the record and conclude that the evidence does not compel a ruling contrary to the relevant administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and

2

that substantial evidence supports the denial of relief under the CAT, *see Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020).

Accordingly, we deny the petition for review. *See In re Melendez-Diaz* (B.I.A. Mar. 7, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*